FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**July 18, 2024**

_____

**Christopher M. Wolpert**
**Clerk of Court**

LARRY D. SIMS,

    Plaintiff - Appellant,

v.

CITY OF PUEBLO HOUSING
AUTHY.; PUEBLO MAYOR
OFFICE; PUEBLO SHERIFF
OFFICE; PUEBLO POLICE
DEPARTMENT, PUEBLO
COMBINED COURT; PUEBLO DA
OFFICE; PUEBLO STATE
OFFICERS, EMPLOYESS,
CITIZENS, known and unknown,

    Defendants - Appellees.

No. 24-1128
(D.C. No. 1:23-CV-02438-LTB-SBP)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BACHARACH**, and **McHUGH**, Circuit Judges.
_____

---

[*]    The parties do not request oral argument, and it would not help us decide the appeal. So we have decided the appeal based on the record and the parties' briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

This appeal grew out of the district court's management of a pro se plaintiff's efforts to file a sufficient complaint.

The court regarded the first complaint as deficient and ordered the plaintiff to file a second version. He did, but the court identified four problems with the second version:

1. The plaintiff had failed to identify whom he was suing, to link the alleged facts to a constitutional violation, or to allege what each defendant had done.

2. The plaintiff had sued municipal entities, but he hadn't tied his injury to a municipal policy or custom.

3. The plaintiff had sued a state court and a district attorney's office, but these defendants enjoy Eleventh Amendment immunity.

4. The plaintiff had not adequately described some of the unidentified parties.

Given the four problems, the court directed the plaintiff to file a third version of the complaint.

The plaintiff complied, but the district court concluded that this version didn't say whom he was suing or what each defendant had done. For example, the new complaint omitted any factual allegations against the Housing Authority of the City of Pueblo, the Pueblo Mayor's office, the Pueblo Combined Court, and the Pueblo District Attorney's office. These omissions led the district court to dismiss the third version of the complaint.

On appeal, the plaintiff doesn't address the court's reasons for dismissing the third version of the complaint. He instead presents four arguments:

1. He was entitled to include unknown defendants by using *et al.* in the complaint.

2. He should have been allowed to amend the complaint.

3. The district court didn't address his allegations of constitutional violations.

4. The defendants weren't above the law.

*Et al. designation.* In rejecting the second version, the court said that the plaintiff needed to identify whom he was suing. The court recognized that the plaintiff might not have known the names of some of the defendants. But the court explained that the plaintiff would need to describe those individuals and identify them as "John Does" or "Jane Does" rather than use *et al.* to include other defendants. The plaintiff apparently misunderstood the district court's explanation. He again used the designation *et al.* in the third version rather than describe the additional defendants whom he couldn't identify.

In his appeal brief, the plaintiff says that he was faulted for overusing the *et al.* designation. The plaintiff misinterpreted the court's explanation. The court didn't say that this designation had been overused; the court said that the plaintiff needed to describe the unidentified

3

defendants rather than rely on an *et al.* designation in the caption of the complaint.

*Inability to amend.* The plaintiff argues that he wasn't allowed to amend the complaint. He's mistaken. He amended once as a matter of right; and the court not only allowed him to amend again, but ordered him to do so.

*Failure to address constitutional claims*. The plaintiff argues that the district court failed to address his constitutional claims, including the government's taking of property without due process. But this argument doesn't affect the district court's reason for dismissing the third version of the complaint. The court said that the plaintiff hadn't identified or described the culpable individuals. This omission remained in the third version of the complaint.

*The rule of law.* The plaintiff also argues that state actors aren't above the law. But the district court explained that the Eleventh Amendment prevents a federal suit against a state court or district attorney's office, and the plaintiff doesn't identify any flaws in that explanation. In any event, the district court didn't rely on the Eleventh Amendment when dismissing the third version of the complaint.

The plaintiff's four appellate arguments don't undermine the district court's reasons for dismissing the third version of the complaint. So we affirm the dismissal.[1]

Entered for the Court

Robert E. Bacharach
Circuit Judge

---

[1] The plaintiff also seeks to proceed in forma pauperis. We grant leave because he cannot afford to prepay the filing fee.